KUNTZ v. HOWARD.

(Supreme Court, Appellate Division, Third Department.   March 8, 1911.)

1. TRIAL (§ 121*)—ARGUMENT OF COUNSEL.
Where a party is a witness in his own behalf, his conduct and testimony in the case are proper subjects for comment by counsel of the adverse party in his argument to the jury.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 294–298; Dec. Dig. § 121.*]

2. TRIAL (§ 133*)—IMPROPER ARGUMENT OF COUNSEL—CORRECTION BY COURT.
Error resulting from improper language of counsel of the successful party in summing up to the jury is cured, where the court promptly stated that the remarks were improper and directed the jury to disregard them.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

3. APPEAL AND ERROR (§ 999*)—VERDICT—CONCLUSIVENESS.
To justify a reversal, it must appear that the verdict was against the weight of the evidence, or the proof so clearly preponderated in favor of a contrary result, that it could be said that there was error in the conclusions.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3924; Dec. Dig. § 999.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. MASTER AND SERVANT (§ 80*)—ACTION FOR WAGES—COUNTERCLAIM—VER-
        DICT.
        In an action by an employé as a milk peddler for balance of wages due,
    evidence *held* to justify a verdict that the employer did not establish his
    counterclaim, based on the failure of the employé to account for the milk
    sold and money collected therefor.                                    .
        [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

Appeal from Warren County Court.

Action by Philip Kuntz against Henry A. Howard. From a judg-
ment for plaintiff, entered on the verdict of the jury, and from an or-
der denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL,
HOUGHTON, and BETTS, JJ.

James H. Bain, for appellant.
Chambers & Finn, for respondent.

BETTS, J. The plaintiff, an employé as a milk peddler of the de-
fendant, brought his action to recover for balance remaining unpaid
him for wages. The defendant answered, admitting wages not paid,
and asserted a counterclaim that the plaintiff had not fully accounted
to defendant for milk sold. The case was originally brought in the
City Court of Glens Falls, and plaintiff recovered judgment there; the
defendant appealing to the County Court. In the County Court the
jury found a verdict for the plaintiff for the full amount claimed by
him. The only question litigated was the counterclaim. There was
sufficient evidence before the jury to justify the verdict rendered. The
defendant relies principally upon an alleged summary of the books,
kept for the most part by the defendant, and which summary showed
an apparent shortage by the plaintiff in not fully accounting to the
defendant for milk sold and money collected therefor of $413.80.

The plaintiff had worked for the defendant, who was a lawyer, cow
owner, and farmer, from April to November as a farm hand, and then
from November, 1907, to December 31, 1908, as a milk peddler. The
defendant had a farm near the city of Glens Falls, and produced a
certain quantity of milk himself, and other milk was bought from
farmers or cow owners residing in that vicinity. The procedure was
for this milk from outside owners to be brought to the defendant's
premises and placed in cans for peddling to some 150 customers.
Some portion of it, after being brought to the defendant's place, was
bottled and placed in smaller cans by the defendant, and sometimes
by the plaintiff, and sometimes by other persons, and then each day
the plaintiff would start out peddling, with large cans of milk contain-
ing 40 quarts each, and bottles and smaller cans of various sizes. The
testimony varies as to whether the plaintiff actually knew of the
amount of milk that he took from the defendant. He claims he did
not, but usually accepted amounts stated by defendant and others. He
dipped from the cans with a quart measure only, sometimes being re-,
quired to measure out pints with that quart measure. Of course, this
would be a guess, with the likelihood that the customer who was pres-
ent would get his full pint, or more, while the defendant, who was

absent, might have over one pint taken from his supply, which would count against plaintiff in his returns to defendant. If defendant did not approve of this, he should have furnished plaintiff with a pint dipper.

It appears that, when the plaintiff commenced peddling milk, he succeeded a milk peddler who was claimed to have been short in his accounts, and there were various milk tickets outstanding put out by the prior peddler. There is no clear evidence whatever that the defendant or the expert accountant had any way of determining how many milk tickets were then outstanding. When the plaintiff left the defendant's employment, various milk tickets were also left outstanding by him. It is from the testimony of the defendant alone as to the number of these milk tickets, in both cases, that the jury would be required to believe the table or summary put in evidence. The jury also had the books kept by the defendant, and some books kept by the plaintiff, before them, with an opportunity of examining them in connection with said alleged summary. The plaintiff claimed that, in dealing out milk in the method that he was required to deal it out, some loss would be occasioned by dipping. He produced two milk peddlers, who substantiated this claim of his. He also claimed that a can of warm milk would be less when it had cooled, and that sometimes milk would freeze so that it could not be dipped out without waste. The jury had an opportunity of seeing these parties, and the witnesses, and the books, and the statements claimed to have been compiled therefrom, and of hearing the expert accountant. Evidently they did not believe the accountant's evidence, nor accept his table. They did believe the evidence of the plaintiff and the milkmen whom he produced.

The defendant objected and excepted to certain language of the plaintiff's attorney while summing up to the jury. The learned county judge promptly stated that the remarks were improper, and directed the jury to disregard them. The defendant was a witness in his own behalf, and so his conduct and evidence in this case only was a proper subject for comment. There is nothing in the case to show that the ill-timed remarks of the plaintiff's attorney were justified, but we think that the court did all that was required or necessary to be done to protect the defendant's rights. Certain exceptions are presented by the defendant to the rulings of the learned county judge. We find no reversible error presented by these rulings.

The case presents a disputed question of fact. "In reviewing the determination of a trial court upon questions of fact, an appellate tribunal is not warranted in reversing, upon the sole ground that, in its opinion, the trial court should have reached a different conclusion upon conflicting evidence. The beneficial exercise of the power of review in such cases, it is true, can be attained only by relieving the appellate tribunal from the obligation of adopting arbitrarily the conclusions of the trial court; but a proper regard for the advantages possessed by that court in the disposition of questions affecting the credibility of witnesses, and those depending upon the weight and authority of conflicting evidence, require great consideration to be accorded to its opinions. To justify a reversal it must appear that such findings were

against the weight of evidence, or that the proofs so clearly preponderated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusions." Baird v. Mayor, 96 N. Y. 567–576.

We see no reason for disturbing the verdict. We think the judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs. All concur.